**Slip Op. 21-118**

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED,**<br><br>      **Plaintiff,**<br><br>**and**<br><br>**THAI PREMIUM PIPE COMPANY LTD. and PACIFIC PIPE PUBLIC COMPANY LIMITED,**<br><br>      **Consolidated Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>      **Defendant,**<br><br>**and**<br><br>**WHEATLAND TUBE COMPANY,**<br><br>      **Defendant-Intervenor.** | **Before:  Jennifer Choe-Groves, Judge**<br><br>**Consol. Court No. 18-00214** |

## OPINION

[Sustaining the U.S. Department of Commerce's second remand results in the 2016–2017 administrative review of the antidumping duty order on circular welded carbon steel pipes and tubes from Thailand.]

Dated: September 17, 2021

Consol. Court No. 18-00214                                          Page 2

Daniel L. Porter, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, D.C., for Plaintiff Saha Thai Steel Pipe Public Company Limited.

Robert G. Gosselink, Jonathan M. Freed, and Aqmar Rahman, Trade Pacific PLLC, of Washington, D.C., for Consolidated Plaintiff Thai Premium Pipe Company Ltd.

Lizbeth R. Levinson, Ronald M. Wisla, and Brittney R. Powell, Fox Rothschild LLP, of Washington, D.C., for Consolidated Plaintiff Pacific Pipe Public Company Limited.

In K. Cho, Trial Attorney, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  With them on the brief were Brian M. Boynton, Acting Assistant Attorney General, and Jeanne E. Davidson, Director.  Of counsel on the brief was Brendan S. Saslow, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Roger B. Schagrin and Elizabeth J. Drake, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Wheatland Tube Company.

Choe-Groves, Judge:  Plaintiff Saha Thai Steel Pipe Public Company

Limited ("Saha Thai") and Consolidated Plaintiffs Thai Premium Pipe Company

Ltd. ("Thai Premium") and Pacific Pipe Public Company Limited ("Pacific Pipe")

filed this consolidated action challenging the final results published by the U.S.

Department of Commerce ("Commerce") in the 2016–2017 administrative review

of the antidumping duty order on circular welded carbon steel pipes and tubes from

Thailand.  See Circular Welded Carbon Steel Pipes and Tubes from Thailand

("Final Results"), 83 Fed. Reg. 51,927 (Dep't of Commerce Oct. 15, 2018) (final

results of antidumping duty admin. review; 2016–2017); see also Decision Mem.

for the Final Results of Antidumping Duty Admin. Review; 2016–2017 (Oct. 4,

2018), PR 143.  Before the Court are the Final Results of Redetermination

Pursuant to CIT Order, ECF No. 83 ("Second Remand Results"), which the Court

ordered in Saha Thai Steel Pipe Public Co. v. United States ("Saha Thai II"), 44

CIT __, 487 F. Supp. 3d 1323 (2020).  For the reasons discussed below, the Court

sustains the Second Remand Results.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history set

forth in its prior opinions and recounts the facts relevant to the Court's review of

the Second Remand Results.  See Saha Thai Steel Pipe Pub. Co. v. United States

("Saha Thai I"), 43 CIT __, __, 422 F. Supp. 3d 1363, 1365–67 (2019); Saha Thai

II, 44 CIT at __, 487 F. Supp. 3d at 1326–27.

The Court concluded in Saha Thai I that Commerce's particular market

situation adjustment to the cost of production for the purpose of the sales-below-

cost test was not in accordance with the law and remanded to Commerce for

further consideration.  43 CIT at __, 422 F. Supp. 3d at 1369–70, 1371.  Because

the Court concluded that the particular market situation adjustment was not in

accordance with the law, the Court did not consider whether the particular market

situation adjustment, without a duty drawback adjustment for Saha Thai, was

supported by substantial evidence; and whether Commerce conducted the

underlying administrative review in a fair and impartial manner in accepting the

particular market situation allegation submitted by Wheatland Tube Company and

in the opportunity Commerce gave to interested parties to offer information.  Id. at

__, 422 F. Supp. 3d at 1371–72.

      In the Final Results of Redetermination Pursuant to Remand, ECF Nos. 62,

63 ("Remand Results"), filed under respectful protest, Commerce made a

particular market situation determination under 19 U.S.C. § 1677(15)(C),

disregarded all home market sales without conducting a sales-below-cost test, and

calculated normal value based on constructed value.  Remand Results at 1–2, 7–8.

Commerce also made a particular market situation determination under 19 U.S.C.

§ 1677b(e) and calculated constructed value with an adjustment to the cost of

production as an alternative calculation methodology.  Id. at 8–11.  The Court

concluded in Saha Thai II that Commerce's exclusion of home market sales,

Commerce's particular market situation determination under 19 U.S.C.

§ 1677(15)(C), Commerce's particular market situation determination under 19

U.S.C. § 1677b(e), and Commerce's application of an alternative calculation

methodology under 19 U.S.C. § 1677b(e) were not in accordance with the law and

remanded.  44 CIT at __, 487 F. Supp. 3d at 1331–35.

      On second remand, Commerce "continue[d] to find that a particular market

situation existed in Thailand during the period of review that distorted the price of

Consol. Court No. 18-00214                                          Page 5

hot rolled coil." Second Remand Results at 1–2, 5.  Under respectful protest,

however, Commerce recalculated the dumping margins without a particular market

situation adjustment.  Id. at 2, 5–6.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28

U.S.C. § 1581(c), which grant the Court authority to review actions contesting the

final results of an administrative review of an antidumping duty order.  The Court

shall hold unlawful any determination found to be unsupported by substantial

evidence on the record or otherwise not in accordance with the law.  19 U.S.C.

§ 1516a(b)(1)(B)(i).  The Court also reviews determinations made on remand for

compliance with the Court's remand order.  Ad Hoc Shrimp Trade Action Comm.

v. United States, 38 CIT __, __, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802

F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

Saha Thai, Pacific Pipe, and Defendant United States ask the Court to

sustain the Second Remand Results.  Pl.'s Comments Supp. Remand

Redetermination Results at 2, ECF No. 87; Consol. Pl.'s Comments Supp. Remand

Redetermination Results at 2, ECF No. 88; Def.'s Comments Supp. Second

Remand Results at 2, ECF No. 89.  Defendant-Intervenor Wheatland Tube

Company supports Commerce's redetermination filed under protest.  See Def.-

Interv. Wheatland Tube Company's Comments Commerce's Second

Redetermination Remand at 3, ECF No. 86.  No party filed comments opposing the

Second Remand Results.

      The U.S. Court of Appeals for the Federal Circuit has held that when

Commerce advocates a position zealously and must abandon that position in order

to comply with a ruling of the U.S. Court of International Trade, Commerce

preserves its right to appeal if it adopts a complying position under protest.  See

Viraj Grp., Ltd. v. United States, 343 F.3d 1371, 1376 (Fed. Cir. 2003).  In this

case, under protest, Commerce recalculated the weighted-average dumping

margins for Pacific Pipe, Saha Thai, and Thai Premium without a particular market

situation adjustment.  Second Remand Results at 5–6.  The weighted-average

dumping margins changed from 30.61% to 7.38% for Pacific Pipe, 28% to 0% for

Saha Thai, and 30.98% to 5.23% for Thai Premium.  Id. at 6.  Commerce's

recalculation of the weighted-average dumping margins without a particular

market situation adjustment, under protest, is consistent with the Court's prior

opinions and orders in Saha Thai I and Saha Thai II.

      Commerce maintained its determination that a particular market situation

distorted the cost of production.  Second Remand Results at 1–3, 5–6.  The

reiterated determination has no effect on the dumping margins because Commerce

recalculated the dumping margins without a particular market situation adjustment.

Consol. Court No. 18-00214                                                    Page 7

No party challenges the determination.

      Because the Court sustains Commerce's removal of the particular market situation adjustment, consideration of Commerce's reiterated particular market situation determination in the <u>Second Remand Results</u> would have no practical significance and is mooted.  <u>See</u> <u>Morton Int'l, Inc. v. Cardinal Chem. Co.</u>, 967 F.2d 1571, 1574 (Fed. Cir. 1992) (Nies, C.J., dissenting from the orders declining suggestions for rehearing en banc) (citations omitted) ("An issue is also said to be 'mooted' when a court, having decided one dispositive issue, chooses not to address another equally dispositive issue."); <u>Daewoo Elecs. Co. v. Int'l Union of Elec., Elec., Tech., Salaried & Mach. Workers</u>, 6 F.3d 1511, 1513 (Fed. Cir. 1993) ("[O]ur disposition of the tax incidence issue moots two other issues . . . .").

      The Court sustains the <u>Second Remand Results</u> without considering Commerce's reiterated particular market situation determination in the <u>Second Remand Results</u>.

## CONCLUSION

      The Court sustains the <u>Second Remand Results</u>.

      Judgment will be entered accordingly.

                         /s/ Jennifer Choe-Groves
                        Jennifer Choe-Groves, Judge

Dated:   September 17, 2021
      New York, New York